UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re:

MICHAEL N. MOROKNEK,

                        Debtor.

------------------------------------------------------------------X

MARC A. PERGAMENT, Trustee of the Estate
of Michael N. Moroknek,

                        Plaintiff,

     -against-

VIVIAN MOROKNEK,

                        Defendant.

------------------------------------------------------------------X

Chapter 7
Case No.: 804-82632-511

**ANSWER**

Hon. Melanie L. Cyganowski

Adv. Proc. No.: 804-08386-511

Defendant, VIVIAN MOROKNEK, by her attorney, GLENN J. INGOGLIA, ESQ. (GI

1655), an attorney duly admitted practicing law before the Courts of the State of New York

and the Federal Courts of the Southern and Eastern Districts of New York, does hereby

respond to Plaintiff's Complaint, as follows:

1.      Defendant denies having knowledge or information sufficient enough to form a belief

as to allegations contained in paragraph "7" of the Complaint.

2.      Defendant denies the allegations contained in paragraphs "9", "10", "11", "12", and

"13" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 363(h)(3), the detriment to the Defendant as a result of the sale

of the subject property outweighs the benefit to the debtor's estate.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 363(h)(1), the partition in kind of the subject property among the estate and the Defendant is impracticable.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 363(h)(2), should the subject property be partitioned, sale of the Debtor's undivided interest, would not realize significantly less for the estate than sale of said property free of the interests of the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(3), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the Debtor has unjustifiably concealed, destroyed, mutilated, falsified, or failed to keep or preserve records from the which the debtor's financial condition or business transactions might be ascertained.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(4)(A), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(4)(B), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the debtor knowingly and fraudulently, in or in connection with the case presented or used a false claim.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(5), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet debtor's liabilities.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(6)(B), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the Debtor has or will refuse, on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. 727(a)(7), the Court should not grant the Debtor a discharge as against the Defendant, because, upon information and belief, the Debtor has asserted his privilege against self-incrimination, within one year prior to his bankruptcy filing in his

divorce action now pending in the New York State Supreme Court, County of Nassau.

## TENTH AFFIRMATIVE DEFENSE

Debtor's equitable interest in the subject property is pending in the New York State Supreme Court, County of Nassau.

## ELEVENTH AFFIRMATIVE DEFENSE

Debtor, at the conclusion of his matrimonial action, will no longer have any equitable interest in the subject property.

Dated: Garden City, New York
    July 16, 2004

Yours, etc.,

GLENN J. INGOGLIA, ESQ. (GI 1655)
Attorney for Creditor
VIVIAN MOROKNEK
1461 Franklin Avenue
Garden City, New York 11530
(516) 248-2095
(516) 248-2093 Fax

TO:

The Law Offices of
Scott R. Schneider
Attorney for Debtor
MICHAEL N. MOROKNEK
117 Broadway
Hicksville, New York 11801
(516) 433-1555

-4-

**Bankruptcy Trustee**
**Marc A. Pergament, Esq.**
**Weinberg, Gross & Pergament**
**400 Garden City Plaza**
**Suite 403**
**Garden City, New York 11530**
**(516) 877-2424**

## AFFIRMATION OF SERVICE

GLENN J. INGOGLIA, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, as well as before the U.S. District Courts for the Southern and Eastern Districts of New York, does hereby state the following under the penalties of perjury:

I represent the creditor, VIVIAN MOROKNEK, with regard to the above-captioned matter. I am over the age of 18 years and not a party to this action. On the 16th Day of July, 2004, I served the within ANSWER and Affirmative Defenses, by mailing a true copy thereof via First Class U.S. Mail to the following parties/attorneys:

To:

The Law Offices of
Scott R. Schneider
Attorney for Debtor
MICHAEL N. MOROKNEK
117 Broadway
Hicksville, New York 11801
(516) 433-1555

Bankruptcy Trustee
Marc A. Pergament, Esq.
Weinberg, Gross & Pergament
400 Garden City Plaza
Suite 403
Garden City, New York 11530
(516) 877-2424

Dated: Garden City, New York
      July 16, 2004

Hon. Melanie L. Cyganowski
United States Bankruptcy Court
Long Island Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

GLENN J. INGOGLIA, ESQ. (GI1655)

-6-